# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| Steven Rosenblum | : | |
| Debtor | : | Case No. 14-19756 (AMC) |
| | | |
| Ryan Kerwin & Xtreme Caged Combat | : | |
|    Plaintiff | : | Adv. Proc. No. 19-241 (AMC) |
| v. | : | |
| Steven Rosenblum | : | |
|    Defendant | : | |

## MEMORANDUM OPINION

*Introduction*

     Before the Court are two identical motions filed by *pro se* creditor Ryan Kerwin ("Kerwin") in both the Debtor's main bankruptcy proceeding and in an adversary proceeding filed by Kerwin against the Debtor Steven Rosenblum.[1] The first motion is entitled Creditor's Motion to Reinstate his Motion to Alter or Amend Judgment of the Court's December 4, 2019 Confirmation Order and Count I of his Adversary Complaint ("Motion to Reinstate"). The second motion is entitled Creditor's Motion to Alter or Amend Judgment of the Court's Orders of March 17, 2020 ("Motion to Alter or Amend").

---

[1] The Court reiterates its prior statements to Kerwin to find legal representation since many of the pleadings filed by Kerwin are unclear and confusing with overlapping requests made in both the Debtor's main bankruptcy case and the adversary proceeding.

The Debtor opposes each of these motions. For the reasons which follow, the Motion to Reinstate and the Motion to Alter or Amend will be denied.

At the outset of the Debtor's bankruptcy case, Kerwin filed a motion to dismiss the Debtor's case based upon, *inter alia,* allegations of Debtor's bad faith ("Dismissal Motion"). The Court subsequently allowed Kerwin to pursue a state court fraudulent transfer action against the Debtor ("State Action") and, as a result, placed the Debtor's entire bankruptcy case, including resolution of the Dismissal Motion, in abeyance until the State Action concluded.[2]

On October 8, 2019, after a two-day jury trial in the State Action, the Debtor's motion for compulsory non-suit was granted. One week later, the Debtor filed and served a motion in his bankruptcy case to lift the abeyance and reinstate the Debtor's bankruptcy case ("Debtor's Reinstatement Motion"). The Debtor also sought to relist the hearing on confirmation of his Chapter 13 Plan ("Confirmation"). No objection was filed to either the Debtor's Reinstatement Motion or Confirmation. At the hearing held on the Debtor's Reinstatement Motion and Confirmation on December 3, 2019 and in the absence of any objection, the Court granted the Debtor's Reinstatement Motion and confirmed the Debtor's Chapter 13 Plan.

On December 10, 2019, Kerwin filed: (1) a notice of appeal of the Court's order confirming the Debtor's Chapter 13 Plan ("Confirmation Order"), (2) an adversary complaint against the Debtor, and (3) a motion to alter or amend judgment in connection with the Confirmation Order ("2019 Motion to Alter/Amend"). In the 2019 Motion to

---

[2] For the relevant factual history preceding the Court's 2016 ruling which placed the Debtor's case in abeyance *see In re Rosenblum*, 545 B.R. 846 (Bankr.E.D.Pa. 2016)

Alter/Amend, Kerwin alleged that he never received notice of the Debtor's Reinstatement Motion or Confirmation. In addition, it appeared that Kerwin believed that the entry of the Confirmation Order precluded Kerwin from pursuing his Dismissal Motion.

The adversary complaint filed by Kerwin raised four counts against the Debtor. Count I sought revocation of discharge under § 727(d)(1). Count II sought non-dischargeability under § 523(a)(6). Count III objected to discharge under § 727(a)(4). Count IV objected to discharge under § 727(a)(2). On January 9, 2020, the Debtor filed a motion to dismiss the adversary proceeding ("Dismissal Motion"). The Court ultimately entered an order granting the Dismissal Motion with regard to Counts I, III, and IV for failure to state a claim on January 28, 2020 ("Dismissal Order"), because the claims raised in those three counts only applied to Chapter 7 cases and the Debtor's case was filed under Chapter 13.

On the same day, the Court held a hearing on the 2019 Motion to Alter/Amend. At the hearing, Kerwin disclosed that he had appealed the entry of a non-suit in the State Action and alleged that he had not received notice of the Debtor's Reinstatement Motion. Since it became clear that a final order had not been entered in the State Action and Kerwin allegedly did not receive notice of the Reinstatement Motion, the Court vacated its order granting the Debtor's Reinstatement Motion. The Court clarified at the hearing that, until a final order was entered in the State Action, and consistent with its order vacating reinstatement of the main bankruptcy case, the Court would refrain from making a determination in Kerwin's Dismissal Motion. The Court also clarified that the

3

Confirmation Order would not prevent the Court from ultimately determining the Dismissal Motion when the State Action was finally resolved, and that the only effect of the entry of the Confirmation Order was that Kerwin and other creditors would begin receiving distributions under the Debtor's Chapter 13 Plan.

Based upon the foregoing, Kerwin stated that he would withdraw his appeal of the Confirmation Order, subject to an amendment of the Confirmation Order clarifying that the Confirmation Order had no bearing on the Court's future resolution of the Dismissal Motion or any of the claims raised in Mr. Kerwin's adversary proceeding against the Debtor. The Court ultimately entered an order on February 18, 2020 which so clarified the Confirmation Order. Kerwin thereafter withdrew his appeal of the Confirmation Order.

On February 7, 2020, Kerwin filed a motion to convert the Debtor's Chapter 13 case to a Chapter 7 case ("Conversion Motion") and a motion to reinstate the main bankruptcy case. It appeared that Kerwin based his Conversion Motion on: (1) § 1307(c)(1) for unreasonable delay by the debtor that is prejudicial to creditors; (2) § 1307(c)(5) for denial of confirmation of a plan and denial of a request to file another plan; and (3) § 1307(c)(7) for revocation of a confirmation order under § 1330 for fraud and denial of confirmation of a modified plan. On the same day, Kerwin filed a motion to reconsider the Dismissal Order with regard to Counts III and IV ("Reconsideration Motion") in the adversary proceeding.

On March 17, 2020, the Court entered an order denying the Conversion Motion ("Order Denying Conversion") because Kerwin failed to prove under: (1) § 1307(c)(1)

4

that debtor had caused unreasonable delay; to the contrary, the Debtor's bankruptcy case had been delayed in order to allow Kerwin to pursue the State Action; (2) § 1307(c)(5) that the Court had denied confirmation of Debtor's plan and denied Debtor's request to file another plan; to the contrary, the Court confirmed the Debtor's plan subject to one clarification and had never denied a request by Debtor to file another plan; and (3) § 1307(c)(7) that the Confirmation Order had been revoked for fraud and the Court had denied confirmation of a modified plan; to the contrary, the Confirmation Order was never revoked nor did the Court deny confirmation of any modified plan. Accordingly, since the Debtor's bankruptcy case remained a chapter 13 case and Counts III and IV in the adversary complaint only applied in a chapter 7 case, the Court entered an order denying the Reconsideration Motion in the adversary proceeding ("Order Denying Reconsideration").

      On March 26, 2020, Kerwin filed his Motion to Alter or Amend in both the main bankruptcy case and the adversary proceeding, which essentially seeks reconsideration of the Order Denying Conversion (entered in the main bankruptcy case) and the Order Denying Reconsideration (entered in the adversary proceeding.) On the same day, Kerwin also filed the Motion to Reinstate in both the main bankruptcy case and the adversary proceeding, which appears to seek, in the event the Court denies his Motion to Alter or Amend, reinstatement of Kerwin's 2019 Motion to Alter/Amend, as well as reconsideration of the Court's dismissal of Count I of his adversary complaint.

The Debtor filed objections to the Motion to Alter or Amend and the Motion to Reinstate. The Court held a hearing on both motions on July 21, 2020 and the matters were taken under advisement.

*Motion to Alter or Amend*

The Motion to Alter or Amend seeks reconsideration of the Order Denying Conversion entered in the main bankruptcy case and the Order Denying Reconsideration entered in the adversary proceeding. However, Kerwin offers no basis for this Court to reconsider these orders, other than to restate what was alleged in the original motions.

*Legal Standard*

It is well settled that a "motion for reconsideration" is the "functional equivalent" of a motion to alter or amend judgment under Rule 59(e). *In re Marinari*, 596 B.R. 809, 818 (Bankr. E.D. Pa.), *aff'd,* 610 B.R. 87 (E.D. Pa. 2019) *quoting Ironworks Patents, LLC v. Apple, Inc.*, 255 F.Supp.3d 513, 521 (D. Del. 2017). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Fountain v. Vaughn*, 679 Fed. Appx. 117, 119 (3d Cir. 2017); *McSparran v. Pennsylvania*, 289 F.Supp.3d 616, 621 (M.D. Pa. 2018). Accordingly, a motion for reconsideration may only be granted if the party seeking reconsideration shows (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or prevent manifest injustice. *Degussa v. Materia, Inc.*, 305 F.Supp.3d 563, 575 (D. Del. 2018) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995));

*Einhorn v. Kaleck Bros., Inc.*, 713 F.Supp.2d 417, 426 (D.N.J. 2010). The movant bears a high burden to demonstrate that grounds exist justifying this extraordinary remedy. *In re Sellers*, 555 B.R. 479, 481-82 (Bankr.E.D.Pa. 2016).

*Reconsideration of the Order Denying Conversion*

The Court begins with Kerwin's claim that the Court erred in denying his Conversion Motion. Kerwin has failed to set forth any new evidence, any change in controlling law, or any manifest injustice which would require the Court to vacate its Order Denying Conversion.[3] Moreover, the Court reiterates that Kerwin failed to prove under: (1) § 1307(c)(1) that the Debtor caused any unreasonable delay because the bankruptcy case has been held in abeyance in order to allow Kerwin to pursue the State Action; (2) § 1307(c)(5) that the Court denied confirmation of Debtor's plan and denied Debtor's request to file another plan since the Court confirmed the Debtor's plan subject to one clarification and has never denied a request by Debtor to file another plan; and (3) § 1307(c)(7) that the Confirmation Order has been revoked for fraud and the Court had denied confirmation of a modified plan since neither of those events have occurred. Based upon the foregoing, there is no basis for the Court to vacate its Order Denying Conversion and, therefore, the Motion to Alter or Amend is denied.

*Reconsideration of the Order Denying Reconsideration*

Since (1) the Debtor's bankruptcy case remains a chapter 13 case and the dismissed Counts III and IV in the adversary complaint would only apply in a chapter 7

---

[3] Although Kerwin made vague and confusing allegations regarding the Debtor's alleged perjury and other false testimony in this case as grounds for conversion and well as an unsubstantiated claim that the Chapter 13 Trustee was colluding with the Debtor, none of these unsubstantiated allegations are relevant to the arguments raised by Kerwin in his Conversion Motion. Mot. n.1.

7

case and (2) Kerwin has failed to set forth any new evidence, any change in controlling law, or any manifest injustice which would require the Court to vacate its Order Denying Reconsideration, there is no basis for the Court to vacate its Order Denying Reconsideration in the adversary proceeding.

Based upon the foregoing, the Motion to Alter or Amend is denied in its entirety.

*The Motion to Reinstate*

Kerwin filed the Motion to Reinstate which appears to request, in the event that the Motion to Alter or Amend is denied, (1) reinstatement of his 2019 Motion to Alter/Amend Motion, which essentially sought to preserve Kerwin's ability to pursue his Motion to Dismiss despite the entry of the Confirmation Order, and (2) reinstatement of Count I of the adversary complaint. However, there is no need to obtain this Court's approval to reinstate the 2019 Motion to Alter/Amend and Kerwin may file a renewed motion at any time. To the extent that Kerwin seeks to vacate this Court's dismissal of Count I of his adversary complaint, Kerwin needs to file an appropriate motion. However, the Court notes that Count I sought revocation of discharge under section 727(d), which is only applicable in Chapter 7 cases, and no discharge has been entered in the Debtor's bankruptcy case. Based upon the foregoing, the Motion to Reinstate is denied.

Finally, in order to address what the Court perceives to be Kerwin's concerns about the Confirmation Order, the Court reiterates that it will hold a hearing in connection with Kerwin's Motion to Dismiss as soon as a final order is entered in the State Action. In addition, if, in the future, there is a valid legal basis to convert the

8

Debtor's case to Chapter 7, Kerwin is not be barred from filing another motion to convert the Debtor's case to Chapter 7 and, if appropriate, either amend his adversary complaint to add, or file a new adversary complaint with, relevant causes of action under chapter 7.

*Conclusion*

For the foregoing reasons, the Motion to Alter or Amend and the Motion to Reinstate will be denied. An appropriate Order follows.

Dated: October 1, 2020

BY THE COURT

_____
Ashely M. Chan
United States Bankruptcy Judge

9